## STATE *v.* JOHN ALLEN KETCHY.

There is no provision of the law requiring the Clerk of this Court to certify to a Court below the *opinion* as distinguished from the *decision* of a case.

PETITION for a *certiorari* filed by defendant at this Term, praying that the judgment and other proceedings in ROWAN Superior Court be certified to this Court.

STATE v. KETCHY.

The facts upon which the defendant's application is founded are fully set out in the opinion of the Court.

*J. M. McCorkle*, for the petitioner.
*Attorney General Hargrove*, contra.

READE, J. The defendant was convicted and sentenced to be hung. From that judgment he appealed to this Court, which at its last term declared that there was no error in the conviction, and directed it to be so certified to the Court below in order that the Court below might proceed to judgment and execution. The Clerk of this Court did, under his hand and seal of office, certify to the Court below the *decision* of this Court; and also enclosed with the certificate a copy of the opinion of this Court as drawn out at length by one of its Justices; but to this copy of the *opinion* there was not either the signature of the Clerk or the seal of his office. And at the last term of the Court below when judgment was prayed against the defendant, he made the objection that the Court could not proceed to judgment, because the *opinion* of this Court had not been certified as the law required. His Honor overruled the objection and pronounced judgment. The defendant prayed an appeal, which was refused. And the defendant files a petition in this Court for a *certiorari*.

The only question presented is, whether it was necessary that the *opinion* as distinguished from the *decision* of this Court, should have been certified by the Clerk of this Court to the Court below.

Revised Code, chap. 33, sec. 6, provides, " That in criminal cases the decision of the Supreme Court shall be certified to the Superior Court from which the case was transmitted, which Superior Court shall proceed to judgment and sentence agreeable to the decision of the Supreme Court and the laws of the State."

It will be noted that it is the *decision* that is to be certified.

It is further provided, Rev. C., chap. 33, sec. 16, that " the

Judges of the Supreme Court shall deliver their opinions or judgments in writing, with the reasons at full length upon which they are founded, * * * which shall afterwards be filed among the records of the Court and published in the reports of the decisions made by the Court."

Here will be noted the distinction between the *opinions* of the *Judges* and the *decisions* of the *Court.*

Sometimes each Judge delivers an opinion, and sometimes there are dissenting opinions, all of which must be "in writing, with the reasons at full length;" and they must be published with the Reports—evidently for general information. But the *decision* is simply the *result* arrived at by the *Court*, and is usually indicated by a *per curiam*, stating such result.

That it was not intended by the statute to have the *opinion* certified in criminal cases, or in any case decided by this Court where there has been an appeal from a trial or upon a final hearing below, is apparent from the fact that while in all such cases it directs the *decision* to be certified, yet in section 14, in appeals from interlocutory orders it is directed that the *opinion* shall be certified "with instructions," &c.

It would seem therefore that it is necessary to certify the *decision* only. And that was done in this case.

Although this is so, yet if we could see that by possibility the defendant might have been deprived of any right, we would *in favorum vitæ* grant the *certiorari*, the only effect of which would be to have certified to us a record which we have already pronounced free from error, that we might again direct our *decision*, together with the *opinion*, to be certified to the Court below, to the end that there should be judgment and execution. But we do not see any possible injury that could have resulted to the defendant, and he does not allege in his petition that any injury did result; nor does he allege any advantage which would or might have resulted to him if the opinion had been certified.

We are informed by our Clerk that it is his habit, in criminal cases, to send a copy of the opinion with the decision, and

to certify both; and that his failure to certify the copy of the opinion sent in this case was an oversight. We commend the habit; as we can see that when a *venire de novo* is awarded, the opinion may be useful on a second trial which may come off before the publication of the reports. But in this case no injury to the defendant or inconvenience to the Court could have resulted from the oversight of the Clerk.

PER CURIAM.     The application for a *centiorari* is refused.